```
              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

JULIET R. COTTON,                :
    Movant,                      :
                                 :   CRIMINAL NO.
    v.                           :   1:01-CR-760-CAP
                                 :
UNITED STATES OF AMERICA,        :
    Respondent.                  :
                                 :

**ORDER AND OPINION**

This matter is now before the court on Movant's motion for new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1) [Doc. No. 254], the Government's response [Doc. No. 290], and Movant's reply [Doc. No. 295]. For the reasons set forth below, Movant's motion for new trial will be denied.[1]

On October 25, 2002, Movant, Juliet R. Cotton, was convicted and sentenced for the following federal crimes: (1) two counts of fraud in connection with a scheme and artifice to defraud SouthTrust Bank of Alabama, N.A. ("SouthTrust Bank"), in violation of 18 U.S.C. § 1344; (2) nine counts of using a false writing and document in a matter within the jurisdiction of Export-Import Bank of the United States ("Ex-Im Bank"), in violation of 18 U.S.C. § 1001; (3) six counts of making false

---

[1] On October 3, 2005, Movant filed a "last motion to supplement" her motion for new trial with an original copy of a docket sheet from her civil action filed in 2003 in the Fulton County Superior Court. [Doc. No 299]. Movant's "last motion to supplement" is granted.

statements to SouthTrust Bank, in violation of 18 U.S.C. § 1014; and (4) eighteen counts of engaging in monetary transactions in criminally-derived property, in violation of 18 U.S.C. § 1957. The relevant factual and procedural background has been fully set forth by this court it its Order and Opinion, entered contemporaneously herewith, denying Movant's 28 U.S.C. § 2255 motion. Thus, for purposes of considering the instant motion for new trial, this court will incorporate Sections I and II of that Order and Opinion.

Pursuant to Rule 33, a federal district judge may grant a new trial on the basis of newly discovered evidence. A movant, however, must satisfy five requirements before a new trial will be granted based on newly discovered evidence. <u>Lynn v. United States</u>, 365 F.3d 1225, 1237 (11th Cir.), <u>cert. denied</u>, 125 S.Ct. 167 (2004). These five requirements are as follows: "(1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to the issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." <u>United States v. Ramos</u>, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999). The Eleventh Circuit

has "held that motions for a new trial are highly disfavored, and that district courts should use great caution in granting a new trial based on newly discovered evidence." United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (internal quotation marks and citation omitted).

In the instant Rule 33 motion for new trial, Movant contends that she has newly discovered evidence "that will negate guilt of [Movant] on all 35 counts that the [Movant] was wrongfully and unconstitutionally convicted and imprisoned." [Doc. No. 254 at 1]. Specifically, Movant claims that her newly discovered evidence will show the following: (1) SouthTrust Bank financed the fifteen percent down payment of $1,050,000 on the Ex-Im loan [Doc. No. 254 at 2] [Doc. No. 295 at 5-19]; (2) SouthTrust Bank illegally invested $12 million of the Natwest loan into the stock market [Doc. No. 254 at 2] [Doc. No. 295 at 75]; (3) SouthTrust Bank does not issue disbursement packages to entities like Agri-Tech [Doc. No. 254-2] [Doc. No. 295 at 19-55, 62]; (4) the Republic of Ghana received value for guaranteeing the two loans at issue in the form of a "working and first class rice mill and silo system" [Doc. No. 295 at 58]; (5) SouthTrust Bank suffered no losses and, instead, victimized Movant through fraudulent

3

conduct and the "perjured" testimony of its representatives at trial [Doc. No. 295 at 64-71, 76-95].[2]

With respect to her claims of newly discovered evidence, Movant has failed to demonstrate an entitlement to a new trial by satisfying all five requirements set forth in Ramos. First, Movant devotes a large amount of her discussion to citing a document review conducted by the Export Insurance Agency (Government Ex. 212)[3] as evidence that Southtrust Bank financed the down payment on the Ex-Im loan. Movant argues that "new" evidence from other documentary sources and from witnesses not called to testify at trial would also prove that SouthTrust Bank financed the Ex-Im loan.

Even if Movant could establish that her purported new evidence was obtained after trial, it would only serve as cumulative evidence as to Movant's testimony on direct at trial

---

[2] Throughout Movant's lengthy reply in support of her motion for new trial, Movant makes repeated claims that her trial counsel, Kevin R. Brehm, was ineffective and that much of the "new" evidence offered by her was improperly suppressed by both Mr. Brehm and the Government. However, Movant's claims regarding ineffective assistance of counsel and prosecutorial misconduct have been addressed by this court in connection with its denial of Movant's § 2255 motion. Therefore, it is unnecessary for this court to address these issues herein.

[3] Government Exhibit 212 was not presented into evidence at trial.

and impeaching evidence as to any SouthTrust Bank witnesses who testified at trial to the contrary. As noted above, neither cumulative nor impeaching evidence warrant the grant of a new trial. See Lynn, 365 F.3d at 1237. Further, Movant fails to demonstrate how this "new" evidence is material to the charges brought against Movant and would probably have produced a different result at trial. Movant fails to demonstrate any relationship to Movant's actionable fraud, which is the scheme to submit false and fraudulent "Agri-Tech" invoices to obtain loan proceeds for her own personal use. Indeed, whether or not SouthTrust Bank financed the down payment on the Ex-Im loan is immaterial to any of the crimes charged in the indictment regarding the submission of false invoices.

Second, Movant wholly fails to demonstrate how any "new" evidence that SouthTrust Bank illegally invested $12 million of the Natwest loan into the stock market is material to the fraud charges brought against her. Even if SouthTrust Bank mismanaged the Natwest loan as suggested, Movant has failed to show how such mismanagement would excuse her fraudulent behavior in submitting false Agri-Tech invoices for the purposes of obtaining money for her own personal use. At best, such evidence could be used as impeaching evidence, which is insufficient to establish an

entitlement to a new trial.  Third, Movant seeks to present "new" evidence to show that SouthTrust Bank did not issue disbursement packages to entities like Agri-Tech. Movant focuses much attention on "Plaintiff's Exhibit 150," which is a pleading filed in Movant's state court case against SouthTrust Bank.  In that pleading entitled "Defendant SouthTrust Bank's Response to Plaintiff's First Interrogatories," Movant cites SouthTrust Bank's response that it "does not submit a disbursement package for entities such as Agri-Tech." [Doc. No. 295 at 19].  Movant cryptically argues that this new evidence is contrary to sworn testimony presented at trial that "SouthTrust [Bank] paid the $3,576,865.61 on the Agri-Tech Disbursement Package" and would have negated Movant's guilt on sixteen counts related to the "Agri-Tech disbursement package." [Doc. No. 295 at 19-26].  At best, the statement cited by Movant regarding SouthTrust Bank's state court discovery response could only serve as possible impeaching evidence against testimony presented by the Government's witnesses.  Further, Movant has failed to demonstrate through any logical or coherent argument how the statement at issue is material to Movant's counts of convictions and would have likely produced a different result at trial.

6

Fourth, Movant seeks to present "new" evidence to show that the Republic of Ghana received value for guaranteeing the two loans at issue in the form of a "working and first class rice mill and silo system." Movant offers this evidence to prove that the Republic of Ghana did not suffer a loss and that her sentence, therefore, should not have been enhanced. Again, Movant has failed to demonstrate how the purported new evidence could be used for any purpose other than possible impeaching evidence or that the evidence would have probably produced a different result at trial or sentencing.

Finally, Movant seeks to present "new" evidence to show that SouthTrust Bank suffered no losses and, instead, victimized Movant through fraudulent conduct and "perjured" testimony. Much of the "new" evidence cited by Movant involves evidence that had been discovered before trial. Further, it is apparent that Movant wishes to present her "new" evidence primarily for the purpose of impeaching the Government witnesses who testified as to Movant's fraudulent conduct. Finally, the Court finds that Movant's extended argument on this issue is largely nonsensical and lacking any logical basis. As such, Movant has failed to show how the purported new evidence is material to the charges

7

brought against Movant and would have likely produced a different result.

Accordingly, **IT IS HEREBY ORDERED** that Movant's "last motion to supplement" [Doc. No. 299] is granted.

**IT IS FURTHER ORDERED** that Movant's Rule 33 motion for new trial [Doc. No. 254] is **DENIED**.

IT IS SO ORDERED, this <u>31st</u> day of October, 2005.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)