IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| JULIET R. COTTON, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:12-CV-3033-CAP-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:01-CR-760-CAP-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant is confined at the federal prison in Fort Worth, Texas. Movant, pro se, has filed a motion under 28 U.S.C. § 2255 to vacate her sentence imposed in this case. (Doc. 514.)[1] This is Movant's third § 2255 motion. The Court denied Movant's first § 2255 motion on October 31, 2005, (Doc. 302), and dismissed her second motion on May 15, 2007, (Doc. 392). The Court dismissed the second motion because Movant did not obtain the required permission from the U.S. Court of Appeals for the Eleventh Circuit to file a second or successive § 2255 motion. (Doc. 392; *see also* Doc. 498 at 3 ("[T]his is a final and closed action. There are no avenues open to [Movant] to challenge her convictions and sentences.").)

---

[1] Unless otherwise indicated, all citations to the record in this Report and Recommendation refer to criminal action number 1:01-cr-760-CAP-LTW.

As with Movant's second § 2255 motion, the Court lacks jurisdiction over the current motion unless Movant first obtains permission from the U.S. Court of Appeals for the Eleventh Circuit to file it. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition . . . the District Court never had jurisdiction to consider it in the first place."). There is no indication in the record that Movant has obtained permission from the Eleventh Circuit to file another § 2255 motion or even applied for such permission.

Accordingly, **IT IS RECOMMENDED** that Movant's third motion to vacate sentence [514] be **DISMISSED** as a successive § 2255 motion over which the Court lacks jurisdiction. **IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that the Court lacks jurisdiction to entertain Movant's third § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Movant's related motions to proceed *in forma pauperis* and for appointment of counsel [513] and for leave to file excess pages in the memorandum of law supporting her third § 2255 motion [515] are

AO 72A
(Rev.8/82)

**DISMISSED AS MOOT.**

**SO ORDERED & RECOMMENDED** this 5 day of September, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)